UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA R. K.,

Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-05864-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Under 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 6, Complaint.

Plaintiff filed her claim for DIB in December 2016, alleging disability as of March 29, 2014. AR 1471. Her application was denied initially and upon reconsideration. *Id.* She was last insured on March 31, 2018. AR 1474. After a hearing, ALJ Gerald Hill found plaintiff not disabled. AR 1468-88. Plaintiff appealed to this Court which remanded the case under sentence six of 42 U.S.C. § 405(g). AR 1503-04.

ALJ Allen Erickson held a second hearing on March 1, 2022, and found plaintiff was not disabled before her date last insured.[1] AR 2957-73. In April 2023, this Court reversed the ALJ's decision and remanded the case, directing the ALJ to reassess plaintiff's testimony. AR 2987-94. ALJ Erickson held another hearing and again found plaintiff not disabled. AR 2814-31. The Appeals Council denied plaintiff's request for review, and plaintiff appealed to this Court. AR 2804-07.

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

### 1. Whether a De Novo Decision Was Required

Plaintiff argues that the ALJ failed to make a de novo decision on remand. Dkt. 15 at 3-4. She notes that "most significantly," the ALJ's RFC determination was identical

[1] While this appeal was pending, plaintiff filed an application for Supplemental Security Income and was found disabled as of August 4, 2020. AR 3002-12. The case before the Court is limited to plaintiff's application for DIB.

to that in the previous decision. *Id*. Plaintiff cites no authority supporting her claim that the ALJ was required to make a de novo decision and provides no real argument for the Court to address. *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court will not consider matters that are not "specifically and distinctly" argued in the opening brief). In her reply brief, plaintiff cites *Galvez v. Bisignano*, 154 F.4th 1091 (9th Cir. 2025), which considered whether a new ALJ's opinion was tainted by an Appointments Clause violation if it incorporated part of the prior, tainted opinion. Dkt. 19 at 2. But no Appointments Clause violation has been alleged here, and even in such a case, "[s]ome similar, or even identical, text in a subsequent decision is not automatically disqualifying." *Galvez,* 154 F.4th at 1096.

Further, as noted by the Commissioner, plaintiff's argument lacks merit as the ALJ's new decision includes several paragraphs addressing the ALJ's reasons for discounting plaintiff's testimony. *Compare* AR 2825 *and* 2967-68. The addition of this analysis is significant, as this Court's remand order directed the ALJ to reassess plaintiff's testimony. *See* AR 2994. Plaintiff has failed to demonstrate any error.

**2. Medical Evidence**

Plaintiff challenges the ALJ's assessment of multiple medical opinions. Dkt. 15 at 4-13. On remand, the ALJ largely repeated the medical opinion analysis used in his previous decision and made the same conclusions. *Compare* AR 2826-30 *and* 2968-71. Similarly, plaintiff's arguments are duplicative of those raised in her previous appeal. In fact, this section of her opening brief is nearly identical to that submitted in her appeal of the ALJ's first decision. *See* Case No. 3:20-cv-05116-BAT, Dkt. 25 at 3-12. In its

previous remand order, the Court rejected these arguments and found no error in the ALJ's evaluation of the medical evidence. *See* AR 2989-94.

Law of the case "generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). For the law of the case doctrine to be applied, the Court must consider whether the issue has been explicitly decided, or whether it was by necessary implication decided. *Id.* Law of the case should not be applied if "the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

The issue here was explicitly decided. If there is "a subsequent appeal following remand, the district court may appropriately decline to revisit its undisturbed pre-remand findings." *Fallon v. Dudek*, 135 F.4th 831, 836 (9th Cir. 2025) (district court's pre-remand determination that ALJ properly discounted medical opinions was law of the case that precluded district court from revisiting medical opinion argument). Plaintiff did not appeal this Court's 2023 decision, and thus the Court's "previous rejection of [her] arguments have preclusive effect under law of the case." *Hammond v. Berryhill,* 688 F. App'x 486, 488 (9th Cir. 2017).

Plaintiff has not argued that any exceptions to the law of the case doctrine apply. Absent a showing that the doctrine should not be applied, the Court will not revisit these arguments. *Stacy,* 825 F.3d at 567. To the extent plaintiff makes new arguments related to the medical evidence, the Court addresses them as follows.

**a. Mark Heilbrunn, M.D.**

Plaintiff argues that her improvement with treatment was not a legitimate reason to reject Dr. Heilbrunn's opinion regarding her limitations at the time he examined her. Dkt. 15 at 9. Impairments that can be "controlled effectively" by medication or treatment are not considered disabling. *Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006). But even if this reason was erroneous, the ALJ provided other valid reasons for rejecting Dr. Heilbrunn's opinion, as this Court found in 2023. *See* AR 2989-94. Thus, any error is harmless. *Carmickle,* 533 F.3d at 1162 (explaining that an error is harmless "so long as there remains substantial evidence supporting the ALJ's conclusions").

**b. Jose Vasquez, Ph.D., Psy.D.**

Plaintiff argues that the normal findings in the record did not contradict Dr. Vasquez's opinions because they were based on his abnormal clinical findings. Dkt. 15 at 10. Plaintiff's argument is conclusory and fails to demonstrate harmful error. *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir. 1984) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when a host of other issues are presented for review.").

**c. Intellectual Disability**

Plaintiff argues that the ALJ erred by failing to consider evidence of intellectual disability, citing two IQ scores from 1997 and 2000. Dkt. 15 at 4. She alleges that the misunderstanding of this evidence tainted the ALJ's decision and requests that the Court find the ALJ's decision undermined by his "failure to account for the symptoms and limitations that are reasonably related to this evidence." *Id.*

The ALJ is not required to discuss evidence that is neither significant nor probative. *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir. 2003). Two IQ test results that predate the relevant period by over a decade are neither significant nor probative. Plaintiff also fails to specify what limitations were omitted from the RFC due to the ALJ's failure to acknowledge these IQ scores. The Court "reject[s] any invitation to find that the ALJ failed to account for [plaintiff's conditions] in some unspecified way." *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 692 n.2 (9th Cir. 2009). In sum, the ALJ's evaluation of the medical opinion evidence is supported by substantial evidence.

**3. Plaintiff's Testimony**

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a claimant's testimony, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding the severity of her symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Plaintiff first argues that the ALJ's failure to properly evaluate the medical evidence tainted his evaluation of her testimony. Dkt. 15 at 14. This argument fails to establish error because the ALJ properly evaluated the medical evidence, as discussed above. Next, plaintiff alleges that the ALJ misapplied the objective evidence test,

arguing that the ALJ could not reject her testimony based solely on whether objective evidence supported the degree of limitations she alleged. Dkt. 15 at 14. But the ALJ provided several other reasons for discounting plaintiff's testimony. While a lack of medical evidence alone cannot be the basis for rejecting a claimant's testimony, the ALJ may still consider this factor. *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ described several inconsistencies between plaintiff's testimony and the medical record. For instance, despite testifying that her legs would give out on her, she did not report this to a consultative medical examiner, and she often denied general weakness at medical visits. AR 2825 (citing AR 1088, 1117, 1219, 1227, 1245, 1358-65, 1414, 1434, 1445, 1457). Plaintiff also testified that she experienced daily headaches and chronic migraines during the relevant period, but the record shows she generally denied or did not report headaches during the relevant period and did not seek treatment for headaches until September 2018. AR 2825 (citing AR 1054, 1080, 1084, 1131, 1137, 1152, 1219, 1223, 1259, 1265, 1280, 1398, 1641, 1798). These were valid reasons to reject plaintiff's testimony. *Carmickle*, 533 F.3d at 1161 (contradiction with the medical record is a sufficient basis to reject claimant testimony); *Greger v. Barnhart,* 464 F.3d 968, 972 (9th Cir. 2006) (failure to report symptoms is a clear and convincing reason to reject claimant testimony).

Plaintiff fails to address the specific inconsistencies pointed out by the ALJ and asserts without explanation that "[t]here were no significant inconsistencies in the information provided by [plaintiff.]" Dkt. 15 at 16. Instead, she provides a three-page summary of her testimony and concludes that this testimony shows she was more limited than the ALJ found her to be. Dkt. 15 at 16-18. Summaries of evidence

unaccompanied by citation or legal analysis are insufficient to establish harmful error. *Sekiya v. Gates,* 508 F.3d 1198, 1200 (9th Cir. 2007).

The ALJ also found plaintiff's testimony inconsistent with the routine and conservative treatment she received. AR 2825. He noted that her back pain was treated with NSAIDs, muscle relaxers, and physical therapy. *Id.* Conservative treatment can suggest that impairments are not as disabling as alleged. *Parra v. Astrue,* 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount claimant testimony); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (physical therapy, anti-inflammatories, and lumbosacral corset were conservative measures for back pain). Plaintiff fails to address this reasoning by the ALJ and has accordingly forfeited this argument. *Nadon v. Bisignano,* 145 F.4th 1133, 1138 (9th Cir. 2025) (plaintiff forfeited argument where she failed to acknowledge reasons given by the ALJ or challenge the ALJ's reliance on them).

Finally, the ALJ found plaintiff's daily activities inconsistent with her allegations of disabling symptoms and limitations. AR 2822. An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Even if a claimant experiences difficulty or pain in completing her daily activities, such activities may be grounds for discounting her testimony "to the extent that they contradict claims of a totally debilitating impairment." *Smartt v. Kijakazi,* 53 F.4th 489, 500 (9th Cir. 2022) (citing *Molina v. Astrue,* 674 F.3d 1104, 1113 (9th Cir. 2012)). Plaintiff argues that none of her activities were inconsistent with her testimony, met the

threshold for transferable work skills, or showed that she could perform any type of full-time competitive work on a sustained basis. Dkt. 15 at 15.

Plaintiff described in her function reports that she feeds and waters her pets, performs personal care, shops for groceries, uses public transportation, does laundry, and talks with family and friends. AR 614-19, 676-81. These activities are not inherently inconsistent with plaintiff's claimed limitations and the ALJ offers no explanation of the alleged inconsistency. Nor do these limited activities meet the threshold for transferable work skills. *Orn*, 495 F.3d at 639. But even if plaintiff's activities were not a valid basis for discounting her testimony, the ALJ provided other clear and convincing reasons which render such error harmless. *Carmickle,* 533 F.3d at 1162. The ALJ therefore did not err by rejecting plaintiff's testimony.

**4. Step Five**

Plaintiff's challenge to the ALJ's RFC assessment and step five analysis is based on the previously rejected arguments and is thus unavailing. *See Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1175-76 (9th Cir. 2008) (rejecting claimant's step five challenge where she "simply restate[d] her argument that the ALJ's RFC finding did not account for all her limitations.").

CONCLUSION

For those reasons, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 3rd day of September, 2026.

Theresa L. Fricke
United States Magistrate Judge